# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE
NEWS RELEASE #049

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **25th day of October, 2024** are as follows:

**PER CURIAM:**

*2024-B-00620*     *IN RE:  DESHA M. GAY*

SUSPENSION IMPOSED. SEE PER CURIAM.

Crichton, J., concurs in part and dissents in part and assigns reasons.

SUPREME COURT OF LOUISIANA

NO. 2024-B-0620

IN RE: DESHA M. GAY

ATTORNEY DISCIPLINARY PROCEEDING

PER CURIAM[*]

This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Desha M. Gay, an attorney licensed to practice law in Louisiana.

**UNDERLYING FACTS**

Beginning in 2017 and continuing through 2022, respondent represented Felicia Picard in three separate legal matters: a personal injury matter, a criminal matter, and a family law matter. While handling the personal injury matter, respondent provided Ms. Picard with extensive financial assistance, but she failed to obtain Ms. Picard's written consent to the terms and conditions under which such financial assistance was made. Many of the payments to Ms. Picard were also not supported by documented obligations for living expenses. Additionally, in the criminal case, respondent improperly paid $635 to a bail bondsman to secure a bond on Ms. Picard's behalf.[1] Finally, in the family law matter, respondent advised Ms. Picard in 2019 that she had filed a petition for divorce, but this representation was false.

---

[*] Justice Jeannette Theriot Knoll, retired, appointed Justice *Pro Tempore*, sitting for the vacancy in Louisiana Supreme Court District 3.

[1] In addition to the violation of the financial assistance rule relating to the bond, La. Code Crim. P. art. 327 expressly provides that "[a] person shall not be released on bail for which an attorney at law … becomes a surety or provides money or property for bail."

In April 2022, the ODC received a disciplinary complaint filed by Ms. Picard. After several requests from the ODC for a response to the complaint, respondent filed an untimely response in July 2022. Thereafter, the ODC requested additional information from respondent, but she failed to provide it, necessitating the issuance of a subpoena for her sworn statement on September 8, 2022.

During the sworn statement, the ODC again requested additional information from respondent pertaining to her representation of Ms. Picard. Respondent repeatedly assured the ODC the information was forthcoming. Although she provided the ODC with a supplemental response on February 28, 2023, this response was incomplete, and respondent has not provided any further information.

## DISCIPLINARY PROCEEDINGS

On May 15, 2023, the ODC filed formal charges against respondent, alleging that her conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.8(e) (financial assistance to a client), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). On May 19, 2023, the formal charges were served upon respondent via certified mail sent to her primary and secondary registration addresses. The mail sent to respondent's primary registration address was received and signed for by "Ryan Pack" on May 24, 2023. The mail sent to respondent's secondary registration address was received and signed for by respondent on June 6, 2023.

Respondent initially failed to answer the formal charges, and by order dated June 28, 2023 the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence. On July 21, 2023, respondent filed a motion to recall the deemed admitted order, which the ODC opposed. Respondent

also filed an answer to the formal charges admitting that she "unknowingly" violated Rule 1.8(e) but denying any other violations. On August 3, 2023, the hearing committee denied respondent's motion to recall the deemed admitted order. Accordingly, no formal hearing was held, and the committee considered the matter based upon the written arguments and documentary evidence submitted by the parties.

*Hearing Committee Report*

The hearing committee adopted the deemed admitted factual allegations of the formal charges as its factual findings. Based on those facts, the committee determined respondent violated the Rules of Professional Conduct as charged.

The committee further determined that respondent violated duties owed to her client, the public, and the profession. Her violations of the financial assistance rule were negligent, but her misrepresentation to her client and her failure to cooperate with the ODC were knowing and intentional. Respondent's misconduct caused actual harm to her client and the profession. The committee did not assess the baseline sanction, nor did it mention any mitigating factors. The committee found no aggravating factors are present.

Considering "the unique circumstances of this matter," the committee recommended that respondent be suspended from the practice of law for six months, fully deferred, subject to a one-year period of probation with attendance at Ethics School. The committee also recommended that respondent be assessed with the costs and expenses of these proceedings.

Respondent filed an objection to the hearing committee's report.

3

*Disciplinary Board Recommendation*

After review, the disciplinary board determined that the factual findings of the hearing committee are not manifestly erroneous and adopted same. Based upon these facts, the board agreed with the committee that respondent violated the Rules of Professional Conduct as charged.

The board determined that respondent violated duties owed to her client and the profession. Her violations of the financial assistance rule were negligent, but her misrepresentation to her client and her failure to cooperate with the ODC were knowing and intentional. Respondent's misconduct caused actual harm to her client and the profession. Based on the ABA's *Standards for Imposing Lawyer Sanctions*, the board determined the baseline sanction is suspension.

The board found no aggravating factors are present. In mitigation, the board found the absence of a prior disciplinary record.

Considering these findings, and the prior jurisprudence of the court in similar cases, the board recommended that respondent be suspended from the practice of law for six months, fully deferred, subject to a one-year period of probation with attendance at Ethics School. The board also recommended that respondent be assessed with the costs and expenses of these proceedings.

Respondent filed an objection to the board's recommendation. Pursuant to Supreme Court Rule XIX, § 11(G)(1)(b), the case was scheduled on our docket; however, respondent failed to file a brief and therefore waived her right to oral argument. Thereafter, the ODC filed a motion waiving its right to oral argument. We granted the ODC's motion and now consider the case based upon the record and the brief filed by the ODC.

**DISCUSSION**

Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. *In re: Banks*, 09-1212 (La. 10/2/09), 18 So. 3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. *See In re: Caulfield*, 96-1401 (La. 11/25/96), 683 So. 2d 714; *In re: Pardue*, 93-2865 (La. 3/11/94), 633 So. 2d 150.

In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. *In re: Donnan*, 01-3058 (La. 1/10/03), 838 So. 2d 715.

The record of this matter supports a finding that respondent provided improper financial assistance to her client, made a misrepresentation to her client, and failed to cooperate with the ODC in its investigation. This conduct violated the Rules of Professional Conduct as charged in the formal charges.

Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain

5

high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. *Louisiana State Bar Ass'n v. Reis*, 513 So. 2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. *Louisiana State Bar Ass'n v. Whittington*, 459 So. 2d 520 (La. 1984).

Although the hearing committee and the disciplinary board found that respondent's violations of the financial assistance rule were negligent, we disagree. The record contains a copy of a text message respondent sent to Ms. Picard in response to a request for an advance of funds to pay living expenses. Respondent told Ms. Picard that "I'm not even supposed to be giving you money like I am. … I am putting MY bar license on the line here because I know your situation is hard." This exchange indicates that respondent's violations of the financial assistance rule were knowing. Respondent's misrepresentation to her client and her failure to cooperate with the ODC were knowing and intentional.

Respondent violated duties owed to her client and the profession, causing actual harm. The applicable baseline sanction is suspension. There are no aggravating factors present. The record supports the following mitigating factors: absence of a prior disciplinary record and inexperience in the practice of law (admitted 2016).

The disciplinary board has recommended a fully deferred six-month suspension. We find this sanction is too lenient in light of the knowing and intentional nature of respondent's misconduct, and that an actual period of suspension is required. Therefore, we will suspend respondent from the practice of law for six months, deferring all but sixty days in light of the mitigating factors present. Following respondent's suspension, she shall be placed on probation for one year, during which she shall attend Ethics School.

**DECREE**

Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record and the brief filed by the ODC, it is ordered that Desha M. Gay, Louisiana Bar Roll number 36855, be and she hereby is suspended from the practice of law for a period of six months. It is further ordered that all but sixty days of this suspension shall be deferred. Following the completion of the active portion of her suspension, respondent shall be placed on probation for a period of one year with the condition that she attend and successfully complete the Louisiana State Bar Association's Ethics School. The probationary period shall commence from the date respondent and the ODC execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

**CRICHTON, J. concurs in part, dissents in part, and assigns reasons.**

I agree with the majority that the violations were proven by clear and convincing evidence. La. Sup. Ct. R. XIX, § 11(E)(3) ("In the event Respondent fails to answer within the prescribed time, or the time as extended, the factual allegations contained within the formal charges shall be deemed admitted and proven by clear and convincing evidence."). I dissent because I find the sanction imposed unduly lenient and would not defer any of respondent's suspension. *See, e.g.*, *In re: Smith*, 2023-00596 (La. 6/21/23), 362 So. 3d 416, 420 (Crichton, J., additionally concurring) ("I write separately to again note my continued astonishment at lawyers who, facing serious sanctions resulting from their own grave misconduct, fail to answer the charges against them or file anything in mitigation for their own defense.").

In this matter, respondent (i) failed to timely respond to "several requests" from the ODC during the investigatory stage; (ii) failed to provide additional information to the ODC despite assertions that she would do so, necessitating a subpoena; (iii) failed to timely answer the formal charges; and (iv) failed to file a brief with this Court. In my view, respondent's obstinance during the proceedings against her exacerbates the underlying violation. As I have previously remarked, "an attorney's failure to participate in disciplinary proceedings is not only alarming, it prevents this Court from considering mitigating evidence (if any) and is a blatant disregard for the structure in place designed to protect the public." *In re: Merritt*,

2023-00134 (La. 5/31/23), 361 So. 3d 451, 456 (Crichton, J., concurring in part and dissenting in part) (quoting *In re: White*, 2022-01701 (La. 2/24/23), 355 So. 3d 1085, 1093 (collecting cases)). For these reasons, I dissent as to the discipline imposed.